By the Court.—Sanford, J.
—The surrender of possession, upon payment of the amount due from plaintiff to defendant, as of May 31, 1875, according to the account which had been taken and stated as of that date, only operated to satisfy and discharge the judgment pro tanto. It did not cut off the plaintiff’s right to the rents and profits which accrued after May 31, 1875, when the account upon which the judgment was based ended, and November 13, 1876, when possession was delivered; nor did it deprive the court of jurisdiction to enforce payment of the amount of such rents and profits, when ascertained in the manner prescribed by the judgment. The reservation to the plaintiff, in the judgment, of liberty to take such sup *157 plemental account would be nugatory, but for the implication, necessarily involved, of reserved cognizance and jurisdiction over the cause, to the extent of rendering full and complete satisfaction, between the parties, as their respective rights should upon such accounting be made to appear. The equitable powers of the court are not so circumscribed and fettered as that a mere omission to declare them in advance shall preclude their exercise, in a case distinctly contemplated and provided for by a judgment. The intent to adjudicate finally upon the subject matter in controversy is clearly inferrible from the terms of the reservation, and to refuse such adjudication would be tantamount to a denial of justice.
The principles upon which the supplemental account was taken, were settled and determined by the previous orders and judgment of the court. Those principles have been affirmed, at general term, and must be deemed conclusively settled, for the purpose of this case, so long as the judgment rendered at general term remains unreversed by the court of appeals. The evidence adduced on the supplemental accounting was not such as to render inapplicable the principles upon which the original accounting was directed to proceed.
We are therefore of opinion that each of the orders appealed from should be affirmed with $10 costs.
Freedman, J., concurred.